IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA M. LOOMIS-LENSHAW-YETTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting Commissioner )<br>of the Social Security Administration,[1] )<br>)<br>Defendant. ) | Case No. 12-CV-176-PJC |

## OPINION AND ORDER

Claimant, Angela M. Loomis-Lenshaw-Yetter ("Claimant"), pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's applications for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### Procedural History

On June 14, 2007, Claimant protectively filed an application seeking disability insurance benefits under Title II. 42 U.S.C. §§ 401 *et seq.* (R. 15, 118-22). Claimant alleged the onset of

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, the current Acting Commissioner of the Social Security Administration, is substituted for Michael J. Astrue as Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

her disability began March 1, 2000. (R. 118). The application was denied initially and on reconsideration. (R. 25-26). A hearing before ALJ Lantz McClain was initially held July 14, 2009 in Tulsa, Oklahoma. (R. 338-342). At this initial hearing, Claimant was unrepresented and the hearing was postponed so that Claimant could obtain counsel. *Id.* On December 23, 2009, Claimant additionally filed an application for supplemental social security income benefits under Title XI. (R. 15). A supplemental hearing before the ALJ was held on January 15, 2010. (R. 344-78). During this hearing, Claimant's counsel requested a physical and psychological consultative examination. (R. 348, 377).

After the hearing, the ALJ had a mental status examination[2] completed by agency consultant Dennis A. Rawlings, Ph.D. (R. 251-60). The ALJ notified Claimant of this additional evidence by notice dated July 6, 2010. (R. 157-58). The July 6, 2010 Notice included a heading that stated: "Actions You Have A Right To Take." (R. 157). The text under that heading stated in pertinent part that "[y]ou may also request a supplemental hearing," and that "**[i]f you request a supplemental hearing, I will grant the request unless I receive additional records that support a fully favorable decision**." *Id.* (emphasis added). On July 9, 2010, Claimant's counsel submitted a letter stating that if the ALJ did not believe that the consultative examination supported a finding of disability, Claimant requested a supplemental hearing. (R. 156).

No supplemental hearing was held, and the Administrative Transcript filed in this case contains no indication that the ALJ responded to the July 9, 2010 letter requesting a supplemental hearing. By decision dated August 27, 2010, the ALJ found that Claimant was not disabled at any time through the date of the decision. (R. 15-23). The ALJ's decision did not

---

[2] Despite counsel's request for a physical consultative examination, it does not appear from the record that the ALJ ordered one.

mention that Claimant had requested a supplemental hearing. *Id.* On January 30, 2012, the Appeals Council denied review of the ALJ's findings. (R. 5-8). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Review

The normal standard of review does not apply to the present case, because the undersigned agrees with Claimant that the ALJ's failure to grant the request for a supplemental hearing requires reversal on procedural grounds. *See Allison v. Heckler*, 711 F.2d 145, n.3 (10th Cir. 1983) (stating the deferential standard of review applies only to findings of fact). The problem with the ALJ's failure to address Claimant's request for a supplemental hearing is clearly illustrated in *Allison*, and more recently, in *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005).

As in the present case, in *Yount*, the claimant was examined by an agency consultant after the administrative hearing, and the ALJ subsequently wrote to the claimant's counsel that he could request a supplemental hearing.[3] 416 F.3d at 1234. The claimant's counsel made a written request for a supplemental hearing, but the ALJ did not respond to this written request and instead issued a decision unfavorable to the claimant. *Id.* Because the claimant's counsel had no "meaningful opportunity to address the post-hearing evidence," the Tenth Circuit ruled that the claimant had been denied a full and fair hearing and his procedural due process rights violated. *Id.* at 1236.

*Yount* and *Allison* govern here. It was a violation of Claimant's due process rights for her

---

[3] The language of the notice quoted by the Tenth Circuit in *Yount* appears to be virtually identical to the notice in the present case.

3

request for a supplemental hearing to be ignored.  The Commissioner concedes that the ALJ should have held the hearing when it was requested, but argues that *Yount* "bears only superficial resemblance" to this case and essentially urges that the ALJ's failure to hold another hearing was harmless error.  Commissioner's Response, Dkt. # 22, p. 3.   The Court finds Commissioner's arguments to be unpersuasive.

The Commissioner attempts to distinguish *Yount* from the present case by arguing that contrary to the ALJ's reliance on the consultative examination in *Yount*, the ALJ here did not "rely" on the post-hearing examination in reaching his determination. Commissioner's Brief, Dkt. #22, p. 3. because the examiner's opinion was granted only "little weight."  A cursory reading of *Yount* and *Allison* illustrates that the Commissioner's position is in error. The Tenth Circuit has stated as a broad proposition that "[a]n ALJ's **use** of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report."  *Yount,* 416 F.3d at 1235; *Allison*, 711 F.2d at 147 (emphasis added).  Although Dr. Rawlings' examination was only cursorily mentioned by the ALJ, and his opinion given "little weight," it can not be said as a matter of law that the ALJ did not **use** the report in his determination.  (R. 21).  *Yount*, 416 F.3d at 1235; *Allison*, 711 F.2d at 147 .

In support of its proposition that there was no reversible error in failing to grant Claimant's request for another hearing, the Commissioner set forth additional brief arguments, including 1) Claimant's request for a supplemental hearing was not to "rebut" Dr. Rawlings' report, but was to ask the vocational expert additional questions; 2) Claimant could not show the result of the hearing would have been different; and 3) Claimant could not demonstrate prejudice.  Commissioner's Response, Dkt. # 22, pp. 3-4.  However, the Commissioner fails to

4

explain why the Tenth Circuit's rejection of these arguments in *Allison* and *Yount* would not be applicable in the case at hand.  The Tenth Circuit has stated clearly that the Social Security Administration must grant the claimant a supplemental hearing in circumstances such as those presented here if the claimant requests one.  *Yount*, 416 F.3d at 1235-36.  The Tenth Circuit specifically rejected the requirement that the district court made that the claimant show that certain facts would be proven at a supplemental hearing.  *Id.*  The undersigned also disagrees with interpreting these Tenth Circuit precedents to limit their applicability according to the stated reason why a claimant requested a supplemental hearing.  The Tenth Circuit's holding in both *Allison* and *Yount* was that the claimants were entitled to a supplemental hearing to address reports that were prepared after the original hearing with the ALJ.  The claimants had no obligation to provide any reason for desiring a supplemental hearing and no obligation to prove that the result would have been different.  The Tenth Circuit rejected the argument that the Commissioner made in *Yount* that the claimant wanted the supplemental hearing solely to cross-examine the physician.  416 F.3d at 1236.  The Tenth Circuit said that the attorney had mentioned that issue but did not indicate it was the sole purpose for the request.  *Id.*  Here, the undersigned interprets the letter of Claimant's attorney in a similar way.  While the issue of presenting additional limitations to the Vocational Expert was mentioned, the general purpose of the supplemental hearing was to allow Claimant to address the evidence of the post-hearing reports.

Because the error of the ALJ related to procedural due process rights and failure to grant Claimant a supplemental hearing requires reversal, the undersigned does not address the other contentions raised by Claimant.  On remand, the Commissioner should ensure that any new decision sufficiently addresses all issues raised by Claimant, including proper consideration of

5

medical opinions, consideration of all impairments at Step Five of the analysis, and in discussing Claimant's credibility.

## Conclusion

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 4th day of April, 2013.

_____
Paul J. Cleary
United States Magistrate Judge